UNITED STATES OF DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

**CHRISTOPHER BEE**
**Plaintiff**

**V.**

**SOURCE RECEIVABLE MANAGEMENT, LLC**

  **Defendant**

**DEMAND FOR JURY**

Case No.

Case: 2:23-cv-12795
Judge: Leitman, Matthew F.
MJ: Patti, Anthony P.
Filed: 11-02-2023
CMP CHRISTOPHER BEE V SOURCE RECEIVABLE MANAGMENT (SS)

_____

**COMPLAINT AND DEMAND FOR JURY**
_____

# I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Christopher Bee an individual consumer (hereinafter "Plaintiff"), against Defendant, Source Receivable Management LLC for violations of the Fair Credit Reporting Act 15 U.S.C § 1681 et seq. (hereinafter "FCRA") as defendant willfully obtained Plaintiff Transunion Consumer report without a permissible purpose.

# II. JURISDICTION AND VENUE

2. The court has jurisdiction under 15 U.S.C § 1681p, and 28 U.S.C§ 1331. The venue in this District is proper as the Defendant transacts business in Michigan and Plaintiff lives in Michigan Eastern District.

### III. PARTIES

3. Plaintiff is a natural person residing in the Eastern District of Michigan. Plaintiff is a consumer "Individual" as defined by the Fair Credit Reporting Act, 15 U.S.C.§1681a (c).

4. Defendant is a "furnisher" as defined by 15 U.S.C.§1681a (b).

5. Defendant is engaged in the collection of debts from consumers regularly and is a debt collector as defined by the Fair Debt Collection Practice Act.

6. Upon information and belief, Defendant principal place of business is 4615 Dundas Dr, STE 102, Greensboro, NC  27407.

### IV. FACTS OF THE COMPLAINT

7. On or around June 2023, upon plaintiff reviewing his Transunion credit report, plaintiff noticed an inquiry in the account section from Source Receivable Management dated 04/03/2023. **Attached and labeled as Exhibit A.**

8. Pursuant to the FCRA, consumer reports may only be obtained under certain circumstances including extending credit, review or collection account, under writing insurance, a court order or upon the consumer written instruction, in which defendant does not meet any of these requirements.

9. Defendant had no account to review on plaintiff consumer report. Under the FCRA the term "account" means the same as defined in 15 U.S.C § 1693 Electronic Funds Transfer, which refers to a business relationship specifically between a consumer and creditor in which a financial obligation has incurred.

10. Plaintiff has never conducted business with defendant, nor incurred any financial obligations with defendant. Defendant, has not only obtained plaintiff consumer report without a permissible purpose but also under false pretense violating 15 U.S.C.§1681q.

11. To date, plaintiff has never received any correspondence from defendant not even documents attempting to collect an alleged debt. Plaintiff has never received court order documents nor any other documents that will give plaintiff a reason to believe

defendant has permissible purpose to obtain his consumer report. Obtaining a consumer report without a permissible purpose and under false pretense violates a substantive provision of the FCRA.

12. Defendant conduct was willful and demonstrated their company policies and procedures are put in place to disregard the FCRA requirements and to collect an alleged debt by any means possible, even if that meant violating Federal law by obtaining plaintiff consumer report for a purpose not authorized under the FCRA.

13. Plaintiff sent defendant a "Notice of Intent to Sue" by certified mail tracking number **"70221670000122999368"** signed for by "Diane Taylor" to defendant principal address 4615 Dundas Dr, STE 102, Greensboro, NC  27407, with the intent of settling the dispute outside of Court, however defendant never responded.

14. Defendant has disturbed plaintiffs' peace, his right to privacy and his right to be free from the defendant obtaining his consumer report without a permissible purpose and under false pretense. Plaintiff anxiety and worrying were caused by concerns with why defendant disregarded his rights under the FCRA and rights to privacy and why they would obtain his consumer report and have it for 7 months with no correspondence, and fear that eventually they could use his personal information for their financial gain.

15. Defendant illegal misconduct has caused plaintiff anxiety, fear, severe frustration, other negative emotions and emotional and mental distress.

16. Defendant willfully and negligently violated the FCRA and is civilly liable to Plaintiff pursuant to 15 U.S.C.§1681n and 15 U.S.C.§1681o.

## V. FIRST CLAIM FOR RELIEF FCRA

17. Plaintiff Christopher Bee re-alleges and reincorporates all previous paragraphs as if fully set out herein.

**18. Defendant violated the FCRA 15 U.S.C § 1681 including but not limited to:**

- 15 U.S.C § 1681b – Defendant did not have a permissible purpose to obtain plaintiff Transunion consumer report.

- 15 U.S.C 1681q- Defendant obtained plaintiff consumer report under false pretense.

- Defendant was willfully and negligently noncompliance with the FCRA violating15 U.S.C § 1681n and 15 U.S.C § 1681o.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A. Judgement for the violations occurred in the FCRA.

B. Actual damage.

C. Statutory damages.

D. Punitive damages.

E. Award for further relief that the court deem just and proper.

Dated: November 1, 2023              Respectfully Submitted
                                     /s/ Christopher Bee
                                     21178 Dexter Blvd
                                     Warren, MI 48089
                                     Email: Chrisbee21@gmail.com